# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLUS A. JONES, | No. 4:18-CV-02357 |
| Plaintiff, | (Judge Brann) |
| v. | |
| JOHN WETZEL, *et al.*, | |
| Defendants. | |

## ORDER

### MAY 22, 2019

Marcellus A. Jones, a Pennsylvania state prisoner, filed this civil rights action alleging that numerous defendants violated his rights between 2014 and February 8, 2016.[1] In January 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court dismiss Jones' complaint on the ground that it is barred by the applicable statute of limitations, and such bar is apparent on the face of the complaint.[2] Although this Court granted two extensions of time to file objections to the Report and Recommendation, no timely objections have been filed.[3]

---

[1] Doc. 1.
[2] Doc. 12.
[3] Docs. 16, 18.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5] After reviewing the record, the Court finds no error—clear or otherwise—in Magistrate Judge Carlson's conclusion that Jones' complaint is barred by the applicable statute of limitations.[6] Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 12) is **ADOPTED**;

2. Jones' complaint (Doc. 1) is **DISMISSED**; and

3. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[6] Notably, although the United States Court of Appeals for the Third Circuit has held that "the statute of limitations applicable to § 1983 actions should be tolled while a prisoner pursues the mandated remedies," *Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017), the administrative grievance procedure outlined in DC-ADM 804 takes only 90 days to complete. *See, e.g.*, *Hardy v. Shaikh*, No. 1:18-cv-1707, 2019 WL 1756535 at *3 (M.D. Pa. Apr. 19, 2019) (outlining timeline to exhaust administrative grievances). Jones should therefore have exhausted his administrative grievances by May 8, 2016, and the statute of limitations thus ran by May 8, 2018. Jones did not file his complaint until November 26, 2018, more than six months after the limitations period ran.